UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Krausz Industries, Ltd. f/k/a/ Krausz Metal Industries, Ltd.,

                Plaintiff,

- vs -

(1) Romac Industries, Inc. and
(2) Everett J. Prescott, Inc.,

                Defendants.

Civil Action No. 09-CV-6300L

**JURY TRIAL DEMANDED**

**SECOND AMENDED COMPLAINT FOR
PATENT INFRINGEMENT AND JURY DEMAND**

Plaintiff Krausz Industries, Ltd. ("Krausz"), by and through its counsel, for its Second Amended Complaint against Romac Industries, Inc. ("Romac") and Everett J. Prescott, Inc ("Prescott"), alleges as follows:

### I.    THE PARTIES

1.    Plaintiff Krausz is an Israeli corporation having an address at 6 Hapatish st., Tel-Aviv, Israel.  For over the past 50 years, Krausz has been engaged in the manufacture and sale of pipe joining and pipe repair devices of the highest quality.  Krausz products are sold throughout the world including in the United States.  Krausz products sold in the United States are imported exclusively into New York.  Krausz's exclusive United States distributor is Total Piping Solutions, Inc., which is located in the Western District of New York.

2.    Defendant Romac is a Washington corporation, having an address at 21919 20th Avenue SE, Suite 100, Bothell, WA 98021.  Romac is engaged in the business of manufacturing

1

and selling pipe fittings and tools for the waterworks industry.  In the field of extended range pipe couplings, Romac is a direct competitor of Krausz.

3. Defendant Everett J. Prescott, Inc. is a Maine corporation, with offices located at 797 Main Road, Rte. 5, Corfu, New York  14036, 198 Ushers Road, Round Lake, New York 12151, and 241 Farrell Road, Syracuse, New York, 13209 ("Prescott").  Prescott is engaged in the business of selling pipe fittings and tools for the waterworks industry.  On information and belief Prescott is a distributor of Romac extended range pipe couplings.

## II.   JURISDICTION AND VENUE

4. All claims herein arise under the Patent Act, 35 U.S.C. § 1 *et seq.*

5. Subject matter jurisdiction for the pleaded claims is conferred upon the Court by 28 U.S.C. §§ 1331 and 1338(a).

6. This court has personal jurisdiction over Romac consistent with the requirements of Section 302(a), N.Y.C.P.L.R., in that Romac, either directly or through its respective agents, regularly and continuously transacts business and contracts to supply goods and services in the State of New York in general and in the Western District of New York in particular.  Romac employs sales and/or marketing personnel responsible for various geographic territories, including one or more territories that encompass the Western District of New York.  (*See* Docket No. 14, Declaration of Peter Schmidt in Support of Defendant's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6), or, in the Alternative, to Transfer Under 28 U.S.C. § 1404(a) at ¶ 8.)  In 2008, Romac's sales into the state of New York generated revenue of nearly $500,000. (*Id.* at ¶ 5.)  Romac's 2009 sales were similar.  (*Id.* at ¶ 6.)  On information and belief, Romac has contractual relationships with distributors through which its products are sold, including Prescott, which is located in the Western District of New York.  (*Id.*)  In addition to the foregoing, Romac has promoted the sale of the accused products in the Western District of New York either

directly or through its distributors, including Prescott. (*Id.* at ¶ 13.) On information and belief, Romac has committed an act of infringement in the State of New York.

7. This court has personal jurisdiction over Prescott consistent with the requirements of Section 302(a), N.Y.C.P.L.R., in that Prescott transacts business in the State of New York and supplies goods and services therein; has committed an act of infringement in the State of New York; and owns, uses or possesses real property in the State of New York.

8. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b). As demonstrated above, Romac resides in the Western District of New York and, on information and belief, has committed infringing acts in this district. Prescott resides in the Western District of New York and, on information and belief, has sold infringing products in this district.

### III.   PATENTS

**U.S. PATENT NO. 6,293,556**

9. On September 25, 2001, U.S. Patent No. 6,293,556 ("the '556 patent") titled "Seal for Coupling and Connecting Means" was duly and lawfully issued to Eliezer Krausz (Exhibit A, U.S. Patent No. 6,293,556).

10. Krausz is the owner by assignment of the '556 patent.

11. The '556 patent "relates to coupling and connecting means to be used with pipes of same or different diameters," where the difference between the diameter of the pipes "could be quite substantial." (Exhibit A, Col. 1, ll. 5-6 and 35.) The invention disclosed in the '556 patent achieves its purpose by using nested inner and outer gaskets that can be separated to accommodate pipes of different diameters. (*Id*. at Col. 1, ll. 42-45.) Cross section drawings of the claimed sealing element disclosed in the '556 patent are shown below at items 1 and 5.



12.     The '556 patent includes one independent claim and two dependent claims.

Claim one of the '556 patent provides:

> A sealing ring for pipe connector means made of resilient material, the sealing ring comprising a first sleeve-like ring the cross section of which defines a inner space therein, and a second ring overriding said first sleeve-like ring and being loosely connected to said first ring, said second ring being adapted to be torn off said first ring at a predetermined location so as to adapt the sealing ring to interconnect pipes of substantially different diameters.

Claim 3 of the '556 patent provides:

> A sealing ring as claimed in claim 1 where said seal is incorporated with connecting means provided with a U shape ring and placed within said U shaped ring.

**U.S. PATENT NO. 7,243,955**

13.     On July 17, 2007, U.S. Patent No. 7,243,955 ("the '955 patent") titled "Universal Pipe Connectors and Sealing Element Therefor" was duly and lawfully issued to Eliezer Krausz and Avi Chiproot (Exhibit B, U.S. Patent No. 7,243,955).

14.     Krausz is the owner by assignment of the '955 patent.

15.     The '955 patent discloses an extended range pipe coupling, and "relates to pipe connectors that are capable of forming seals with pipes of different diameters," (Exhibit B, Col. 1, ll. 15-16), and where there are "variations in pipe alignment," (*id.*, Col., 4, ll. 26-27). A cross section drawing of the invention disclosed in the '955 patent is set out below:



EXHIBIT B, FIG. 3.

16.     The '955 patent includes one independent claim and one dependent claim.  Claim one of the '955 patent provides:

> A universal pipe connector for forming an angularly flexible connection with at least one pipe end, the universal pipe connector comprising:
>
> a connector body having an opening for receiving the pipe end,
>
> a clamping ring extending around, and in mechanical engagement with, said opening; and
>
> a sealing element deployed around and in contact with an inner surface of said clamping ring said inner surface having at least partially curved cross-section, said sealing element having an annular sealing surface coaxial with the pipe for sealing around an outer coaxial surface of the pipe end, wherein said sealing element is formed with a primary inner surface and at least one substantially cylindrical coaxial layer, said layer being connected to said primary inner surface by a readily severable connection wherein said sealing element comprises a plurality of substantially cylindrical coaxial layers having complementary interlocking features configured to oppose relative movement of said layers in at least one axial direction and wherein said sealing, element is adapted to swivel within said inner surface to accommodate variations in pipe alignment, wherein the inner girth of said connector body gradually increases away from the opening and wherein said opening is adapted to receive said clamping ring extending around said opening,
>
> wherein said clamping ring comprises a tightening mechanism for tightening said clamping ring between a first maximum diameter and a second minimum diameter,
>
> wherein said first and second diameters differ by at least a length d and wherein said cylindrical coaxial layer is of thickness ½ d such that, by selectively removing said layer and tightening said tightening mechanism, the pipe connector forms a sealing connection with pipes having diameters varying over a continuous range of at least 2d,

5

wherein said clamping ring is formed as a split ring with outward-turned bolt flanges of substantially arcuate form, said tightening mechanism including a bolt connected between said bolt flanges.

Claim two of the '955 patent provides:

The pipe connector of claim 1, wherein said tightening mechanism further includes at least one curved-base profile piece engaged against one of said bolt flanges.

### IV.   THE ROMAC MACRO™

17.   Defendant Romac manufactures, sells and offers for sale, and defendant Prescott sells and offers for sale, an extended range pipe coupling known as the Romac Macro™, pictured below.



18.   A cross section drawing of the Romac Macro™ and its inner and outer gaskets as found in Romac's published product materials found at http://romac.com/images/ BROCHURES/ROMAC-MACRO-4-page-brochure.pdf are set forth below:

 

(Exhibit C, Romac Brochure, pp. 3-4.)

6

19.     As set out in Romac's public product materials, the Macro™ is specifically designed to accommodate pipe "deflection" (*i.e.* misalignment of the pipes to be connected). (*Id.* at p. 2.) Further, the Macro™ uses a set of "nested dual gaskets" to "accommodate[ ] a wide range of pipe diameters" where the "inner gasket can be removed to accommodate larger pipe diameters." (*Id.* at p. 3.)

### V.  COUNT I — PATENT INFRINGEMENT OF U.S. PATENT NO. 6,293,556

20.     Plaintiff Krausz reaffirms and realleges the allegations contained in the above paragraphs 1-19.

21.     The Romac Macro™ includes, either literally or under the doctrine of equivalents, each and every limitation of claims one and three of the '556 patent (set forth in paragraph 12 above) including without limitation: (i) a first sleeve-like ring the cross-section of which defines an inner space therein ("A" below); (ii) a second ring overriding the first sleeve-like ring and being loosely connected to the first ring ("B" below); and (iii) a second ring that is adapted to be torn off the first ring at a predetermined location (also "B" below).



22.     As proscribed by 35 U.S.C. § 271, Romac has directly and/or indirectly infringed and continues to infringe, literally or under the doctrine of equivalents, at least claims one and three of the '556 patent by: (a) acting without authority so as to make, have made, use, offer to sell and/or sell within the United States its Macro™ extended range coupling and/or any other

7

similar coupling products marketed under different names that incorporate the limitations of claims one and three of the '556 patent; and (b) contributing to and/or actively inducing infringement of the '556 patent.

23.     As proscribed by 35 U.S.C. § 271, Prescott has directly infringed, literally or under the doctrine of equivalents, at least claims one and three of the '556 Patent by offering to sell and selling Romac Macro™ extended range couplings and/or any other similar coupling products marketed under different names that incorporate the limitations of claims one and three of the '556 patent.

24.     Plaintiff Krausz has suffered injury as a result of the infringing activities of Romac and/or Prescott, and will continue to suffer severe and irreparable injury and damages as long as Romac's and/or Prescott's infringing activities continue.

25.     Krausz is entitled to recover damages adequate to compensate it for the injuries complained of herein, but in no event less than a reasonable royalty. Krausz is further entitled to have Romac and Prescott enjoined from committing future acts of infringement that would subject Krausz to irreparable harm.

26.     Upon information and belief, Romac's and Prescott's infringement of the '556 patent is willful.

### VI.    COUNT II — PATENT INFRINGEMENT OF U.S. PATENT NO. 7,243,955

27.     Plaintiff Krausz reaffirms and realleges the allegations contained in the above paragraphs 1-26.

28.     The Romac Macro™ includes, either literally or under the doctrine of equivalents, each and every limitation of claims one and two of the '955 patent (set forth in paragraph 16 above) including without limitation: (i) a clamping ring with an inner surface having an at least partially curved cross-section ("A" below); (ii) a sealing element formed with a primary inner

surface and at least one substantially cylindrical coaxial layer ("B" below); (iii) at least one substantially cylindrical coaxial layer connected to the primary inner surface of the sealing element by a readily severable connection ("C" below); and (iv) a sealing element adapted to swivel within the inner surface of the clamping ring to accommodate variations in pipe alignment, i.e., "deflection" (*see* Exhibit C, p. 2).



29.     As proscribed by 35 U.S.C. § 271, Romac has directly and/or indirectly infringed and continues to infringe, literally or under the doctrine of equivalents, claims one and two of the '955 patent by: (a) acting without authority so as to make, have made, use, offer to sell and/or sell within the United States its Macro™ extended range coupling and/or any other similar coupling products marketed under different names that incorporate the limitations of claims one and/or two of the '955 Patent; and (b) contributing to and/or actively inducing infringement of the '955 patent.

9

30. As proscribed by 35 U.S.C. § 271, Prescott has directly infringed, literally or under the doctrine of equivalents, claims one and two of the '955 Patent by offering to sell and selling Romac Macro™ extended range couplings and/or any other similar coupling products marketed under different names that incorporate the limitations of claims one and/or two of the '955 Patent.

31. Plaintiff Krausz has suffered injury as a result of the infringing activities of Romac and/or Prescott, and will continue to suffer severe and irreparable injury as long as those infringing activities continue.

32. Krausz is entitled to recover damages adequate to compensate it for the injuries complained of herein, but in no event less than a reasonable royalty. Krausz is further entitled to have Romac and Prescott enjoined from committing future acts of infringement that would subject Krausz to irreparable harm.

33. Upon information and belief, Romac's and Prescott's infringement of the '955 patent is willful.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Krausz prays for relief as follows:

A. A declaration that Romac and Prescott have infringed one or more claims of the '556 patent;

B. A declaration that Romac and Prescott have infringed one or more claims of the '955 patent;

C. A preliminary and permanent injunction pursuant to 35 U.S.C. § 283, enjoining Romac and Prescott, together with any of their officers, directors, agents, servants, employees, and attorneys, and such other persons in active concert or participation with Romac or Prescott

who receive actual notice of the order, from any further direct or indirect acts of infringement, contributory infringement, or inducement of infringement of the '556 patent;

      D.    A preliminary and permanent injunction pursuant to 35 U.S.C. § 283, enjoining Romac and Prescott, together with any of their officers, directors, agents, servants, employees, and attorneys, and such other persons in active concert or participation with Romac and Prescott who receive actual notice of the order, from any further direct or indirect acts of infringement, contributory infringement, or inducement of infringement of the '955 patent;

      E.    Damages adequate to compensate Krausz for Romac's and Prescott's infringement and an increase in those damages to three times the amount assessed pursuant to 35 U.S.C. § 284;

      F.    A declaration that this is an exceptional case within the meaning of 35 U.S.C. § 285, and an award to Krausz of its reasonable attorneys' fees, costs and disbursements;

      G.    Pre- and post judgment interest on all damages awarded in accordance with the rates allowed by law; and

      H.    Such other, further and different relief as may be just and equitable.

[THIS SPACE INTENTIONALLY LEFT BLANK]

## DEMAND FOR JURY TRIAL

Krausz hereby demands trial by jury for all issues so triable.

DATED this 11th day of January, 2010.

        By: /s/ Cristofer I. Leffler
        Cristofer I. Leffler, WSBA # 35020
        (*admitted pro hac vice*)
        Douglas B. Greenswag, WSBA # 37506
        (*admitted pro hac vice*)
        Samuel R. Castic, WSBA # 39301
        (*admitted pro hac vice*)
        K&L GATES LLP
        925 Fourth Ave., Suite 2900
        Seattle, WA 98104
        Telephone: (206) 370-6745
        Facsimile: (206) 370-6354
        Email: cristofer.leffler@klgates.com
              douglas.greenswag@klgates.com

        Paul J. Yesawich,
        Laura W. Smalley
        Harris Beach LLP
        99 Garnsey Road
        Pittsford, NY 14534
        Telephone: (585) 419-8647
        Facsimile: (585) 419-8801
        Email: pyesawich@harrisbeach.com
              lsmalley@harrisbeach.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the following documents has been filed and served via ECF on opposing counsel on January 11, 2010.

1. Second Amended Complaint for Patent Infringement and Jury Demand

/s/ Cristofer I. Leffler
Cristofer I. Leffler